FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 16 2026

ERIK PALTROW
CLERK

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

ARTHUR F. MURFIN, also identified in the administrative record as ART FRANKLIN MURFIN,

Plaintiff,

v.

MERIT SYSTEMS PROTECTION BOARD; and SECRETARY OF THE AIR FORCE, in official capacity,

Defendants.

Civil Action No. ____________________

Related case: No. 1:25-cv-00664-JFR-JMR

**PROTECTIVE COMPLAINT FOR JUDICIAL REVIEW OF FINAL MSPB DECISION IN A MIXED CASE AND FOR APPROPRIATE REMAND OR OTHER RELIEF**

Plaintiff Arthur F. Murfin, proceeding pro se, alleges:

**Nature of the action**

1. This action seeks judicial review of the October 15, 2026 final decision of the Merit Systems Protection Board ("MSPB" or "Board") in Art Franklin Murfin v. Department of the Air Force, Docket No. DE-0752-25-1151-I-1 ("I-1"). That decision left in place the March 6, 2026 initial decision dismissing Plaintiff's removal appeal without prejudice because of overlapping federal district-court litigation.

2. The Board accepted jurisdiction over Plaintiff's removal but did not adjudicate whether the removal was lawful. Plaintiff challenges the procedural dismissal and seeks a lawful path to adjudication of the unresolved removal appeal, including his allegations that disability discrimination, retaliation for protected EEO activity, and reprisal for protected disclosures or IG activity contributed to the removal.

3. Plaintiff files this action protectively to preserve review of the final I-1 decision within the applicable period. Plaintiff discloses the related district-court case and refiled MSPB appeal below and requests coordinated handling, not inconsistent judgments or double recovery.

4. Plaintiff's principal requested relief is to set aside the challenged dismissal to the extent unlawful and remand for appropriate MSPB proceedings. Plaintiff also requests consolidation with the related district-court action, subject to lawful assignment and consent requirements, and a conditional, time-limited stay of the consolidated merits proceedings if remand is granted and the Court retains claims or jurisdiction. Alternatively, Plaintiff requests such lawful

coordination, judicial adjudication, or other relief as is necessary to resolve the mixed case without foreclosing unresolved claims merely because the administrative and judicial proceedings overlap.

**Parties**

5. Plaintiff is a former civilian Department of the Air Force employee who worked as a Model Maker at Kirtland Air Force Base, New Mexico. Plaintiff's name in the related district-court case is Arthur F. Murfin; the I-1 administrative caption identifies him as Art Franklin Murfin. Both identify the same person.

6. Defendant Merit Systems Protection Board issued the final procedural decision challenged here. Plaintiff names the Board under 5 U.S.C. § 7703(a)(2), which addresses the respondent in proceedings reviewing Board decisions, including decisions not reaching the underlying personnel-action merits.

7. Defendant Secretary of the Air Force is sued solely in official capacity as head of Plaintiff's former employing department, with respect to the underlying employment claims and any appropriate employment-related relief. The Secretary is designated by official title under Federal Rule of Civil Procedure 17(d). See 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1).

8. Plaintiff seeks no damages from the Board or its members and asserts no individual-capacity claim against the Secretary, the administrative judge, or any Board member.

**Jurisdiction, venue, and timeliness**

9. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction to review this mixed-case final decision under 5 U.S.C. § 7703(a)(1) and (b)(2), in conjunction with the federal employment-discrimination provisions applicable to the underlying allegations, including 29 U.S.C. §§ 791 and 794a(a)(1).

10. The appeal challenges an otherwise appealable removal and alleges that disability discrimination and retaliation for EEO activity contributed to that removal. Plaintiff continues to pursue, and does not abandon or waive, the discrimination and retaliation component of the mixed case. A procedural dismissal does not by itself redirect mixed-case review to the Federal Circuit. See Perry v. Merit Systems Protection Board, 582 U.S. 420, 423, 432, 437 (2017).

11. Venue is proper in the District of New Mexico because Plaintiff worked at Kirtland Air Force Base, the challenged employment practices occurred in New Mexico, and Plaintiff would have continued working there but for the removal. See 42 U.S.C. § 2000e-5(f)(3), incorporated into the federal-sector remedies applicable here.

12. The final Board decision is dated October 15, 2026. Plaintiff personally received notice of that decision on October 15, 2026. Jenipher R. Jones, Plaintiff's former MSPB counsel, also

received notice on October 15, 2026. Ms. Jones has withdrawn from representing Plaintiff. Plaintiff proceeds pro se in this action. The controlling receipt date for this complaint is October 15, 2026.

13. Plaintiff brings this action within the 30-day period applicable to mixed-case judicial review, calculated from October 15, 2026 under the applicable time-computation rules. See 5 U.S.C. § 7703(b)(2); Fed. R. Civ. P. 6(a).

**Underlying removal and retained mixed-case allegations**

14. The Air Force removed Plaintiff from federal service effective April 22, 2025, following a notice of proposed removal and Plaintiff's written response.

15. Plaintiff disputes the stated grounds and penalty. The agency relied on allegations concerning work orders, building access, observance of scheduled duty hours, and safety rules, together with prior discipline and the performance record.

16. During his employment, Plaintiff notified management of medical limitations and sought accommodation, including light duty and schedule-related adjustments. A January 18, 2022 physician letter documented light-duty restrictions, and a March 15, 2022 management memorandum acknowledged restrictions and provided temporary light duty.

17. Plaintiff also pursued EEO complaints alleging disability discrimination and reprisal. Plaintiff alleges that management knew of his accommodation requests and EEO activity and that EEO matters remained active during the proposed-removal and removal process.

18. Plaintiff alleges that the removal was motivated in part by disability discrimination and retaliation for protected EEO activity, rather than solely by the agency's stated reasons. Plaintiff disputes the agency's characterization of the incidents, alleges selective or inconsistent enforcement, and contends that management omitted material context concerning his restrictions, requests, complaints, and prior handling of access and work procedures.

19. In his May 22, 2025 MSPB appeal, Plaintiff expressly alleged that management was "out to get me for complaining to the IG Denis Lange and filing EEO complaints against them," and that an EEO complaint was under investigation when the removal decision was made. I-1, Tab 1, PDF page 2. Plaintiff relies on the EEO-retaliation and discrimination allegations for the mixed-case component; he separately identifies the protected-disclosure and IG-reprisal issues as nondiscrimination affirmative defenses to the removal, not as a contention that every IG complaint is protected under employment-discrimination statutes.

19A. Plaintiff communicated with Dennis H. Lange of the Inspector General's office concerning suspected wrongdoing and perceived retaliation. In a November 2021 email to Lange, Plaintiff described suspected fraud and abuse and suspected sabotage of Air Force equipment. Plaintiff alleges that he reasonably believed the conduct he reported involved abuse

of authority and wrongdoing concerning government equipment; the nature of the disclosures, the basis for his belief, and their relationship to the removal require appropriate factual development and adjudication.

19B. In an October 27, 2023 request to Lange, Plaintiff reported that he believed management was taking reprisal against him for seeking IG assistance. On October 30, 2023, Lange replied, "I have spoke with your management team," and said management would listen to Plaintiff's requests concerning civilian-pay issues. That response documents IG contact with management; Plaintiff does not contend that it alone identifies every participant, establishes precisely what was discussed, or proves retaliatory motive.

19C. In February 2024, Plaintiff told Captain Hussey that the IG had previously addressed his building-access concerns. On February 27, Hussey requested copies of any IG reports. Plaintiff alleges that these communications are relevant to management's knowledge of IG activity and the context of the building-access allegations. Plaintiff does not represent that the correspondence establishes a formal IG finding restoring unrestricted access or that an IG complaint remained open in February 2024.

19D. These defenses were raised before the final I-1 decision. Plaintiff's March 4, 2026 submissions opposing dismissal expressly identified whistleblower reprisal under 5 U.S.C. § 2302(b)(8) and (b)(9) among the unresolved affirmative defenses. I-1, Tab 35, MSPB page 4 of 51; Tab 36, MSPB page 7 of 10. His petition for review dated April 10, 2026 again

identified prohibited personnel practices under § 2302(b)(9). Petition for Review, PDF page 5 of 6. Plaintiff cites these filings to identify issues he presented, not as judicial findings or as binding statements that district courts can never consider such issues.

19E. Plaintiff seeks appropriate administrative adjudication of reprisal for disclosures meeting § 2302(b)(8) and for cooperating with or disclosing information to the IG in accordance with applicable law under § 2302(b)(9)(C). Those protections are distinct, and not every workplace grievance necessarily satisfies the protected-disclosure requirements. An otherwise appealable removal may include whistleblower or other protected-activity affirmative defenses under 5 C.F.R. § 1209.2(b)(2).

19F. Plaintiff identifies preserved email correspondence as potential evidentiary support and as relevant to the need for further proceedings. He does not represent that every email now available was submitted in I-1, that every statutory element has been proved, or that the Court must decide the propriety of the March 6 dismissal based on material outside the permissible review record. Plaintiff requests any necessary record development in the appropriate forum.

20. Plaintiff retains his allegations of unlawful discrimination and retaliation, including the protected-disclosure and IG-reprisal defenses identified above to the extent properly presented, and seeks their resolution in the proper forum. The immediate subject of this protective complaint is the final I-1 procedural dismissal; Plaintiff does not represent that the Board already decided the underlying discrimination, reprisal, or removal merits.

**Administrative and judicial procedural history**

21. On May 22, 2025, Plaintiff appealed his removal to the MSPB. The March 6, 2026 initial decision expressly found that the appeal was timely and that the Board had jurisdiction under 5 U.S.C. §§ 7511–7513. Exhibit A, page 1.

22. On July 14, 2025, after filing the MSPB appeal, Plaintiff commenced the related federal action now docketed as No. 1:25-cv-00664-JFR-JMR in this District.

23. On February 18, 2026, the MSPB administrative judge issued an order proposing dismissal without prejudice because of the overlap with the federal action. Plaintiff and his then-representative submitted objections, which the initial decision states the judge considered. Exhibit A, pages 2–4.

24. On March 6, 2026, Administrative Judge Jacob Smiles dismissed I-1 without prejudice, canceled further proceedings and deadlines, and allowed refiling after the federal litigation concluded or earlier under the specified conditions. The decision also provided a date for automatic refiling. Exhibit A, pages 4–5.

25. The administrative judge explained that the federal action and Board appeal overlapped regarding the validity of the removal and alleged discrimination. The judge considered dismissal appropriate to avoid inefficiency and inconsistent judgments, although the two proceedings were not identical. Exhibit A, pages 2–4.

26. Plaintiff submitted a petition for review dated April 10, 2026, seeking reversal of the dismissal and adjudication of his removal appeal.

27. On June 24, 2026, the district court in the related case denied Plaintiff's motion to stay pending Board proceedings. The order expressly reserved whether Plaintiff sufficiently exhausted administrative remedies. Related case, Doc. 41, page 4 n.2.

28. On October 15, 2026, the Board issued its I-1 order stating that Chairman Woodruff had recused himself and that, because there was no quorum to alter the initial decision, that decision became the Board's final decision. The Board did not adjudicate Plaintiff's removal on the merits. Exhibit B, page 1.

29. The final order advised that an appellant claiming an appealable action based in whole or in part on unlawful discrimination could seek review in an appropriate district court within 30 days of the controlling receipt. Exhibit B, page 3.

30. The Board has refiled the removal appeal under Docket No. DE-0752-25-1151-I-2 ("I-2"). The October 15, 2026 acknowledgment order identifies I-2 as the refiled appeal and permits reference to the I-1 record.

31. On October 26, 2026, the administrative judge issued a notice in I-2 proposing another dismissal without prejudice for substantially the same overlap with the federal action. That

notice proposed automatic refiling nine months after a new dismissal became final, or upon notice that the federal litigation was completed. I-2, Tab 8, pages 1–3.

32. Plaintiff discloses I-2 and does not claim that the removal appeal has never been refiled. Plaintiff contends, however, that refiling alone has not resolved his objection to deferring merits adjudication because of the parallel case, as illustrated by the October 26 notice proposing renewed dismissal on the same basis.

33. The related district-court case includes employment-discrimination and retaliation allegations concerning Plaintiff's employment and removal. Its First Amended Complaint does not expressly seek § 7703 review of the October 15 I-1 final order.

34. Plaintiff does not concede that the removal claim in the related case is unexhausted. He seeks to avoid losing review of the final I-1 dismissal while that question remains disputed and to preserve appropriate administrative adjudication if the district court determines that further administrative proceedings are required.

**Claim for relief: Review of final procedural dismissal of mixed-case removal appeal**

35. Plaintiff incorporates paragraphs 1–34.

36. Under 5 C.F.R. § 1201.29(b), dismissal without prejudice is discretionary and requires the interests of fairness, due process, and administrative efficiency to outweigh prejudice to either

party. Plaintiff does not contend that the Board lacks all authority to dismiss an appeal without prejudice.

37. Plaintiff alleges that the dismissal, as applied to this record, abused that discretion and was not in accordance with law because it deferred a timely removal appeal within the Board's accepted jurisdiction without adequately addressing the practical risk that the federal court would find the removal claims administratively incomplete.

38. Plaintiff alleges that the balancing gave insufficient weight to continuing loss of employment and benefits, delay in adjudication, preservation of evidence, and the need for a forum to decide unresolved removal issues, including the nondiscrimination affirmative defenses identified in his objections and petition for review. Plaintiff requests appropriate Board findings and record development rather than treating the existence of a discrimination suit as a disposition of those defenses.

39. The subsequent denial of a district-court stay and express reservation of exhaustion, followed by the proposal for another dismissal in I-2, reinforce Plaintiff's request for effective relief rather than recurring deferral. Plaintiff identifies these later events as relevant to present relief, not as events the administrative judge could have known before March 6, 2026.

40. Plaintiff seeks review of whether the Board properly balanced prejudice and whether remand, a tailored stay, or another lawful coordination measure would better protect

adjudication of the unresolved claims. Plaintiff does not assert an absolute entitlement to simultaneous merits adjudication in two forums.

41. The Board's lack of quorum explains why the initial decision became final; it does not constitute a decision that the removal or the discrimination allegations lack merit. Plaintiff does not challenge a Board member's recusal merely because it contributed to the lack of quorum.

42. Plaintiff requests relief from the final I-1 dismissal under § 7703. His discrimination and EEO-retaliation allegations remain part of the mixed case; he does not seek to sever or abandon them to obtain a different review forum.

**Related-case coordination and alternative relief**

43. Plaintiff requests consolidation under Federal Rule of Civil Procedure 42(a) with No. 1:25-cv-00664-JFR-JMR, presently before Judge John F. Robbenhaar, because the proceedings concern the same removal, overlapping protected activity, and common administrative history. Plaintiff requests handling with that existing case before Judge Robbenhaar to the extent permitted by the Court's assignment procedures and all applicable magistrate-judge consent requirements. This request does not itself supply consent for a new case or new party under 28 U.S.C. § 636(c), and Plaintiff does not contend that consolidation is mandatory.

43A. If remand is granted and the Court retains claims or jurisdiction, Plaintiff requests a stay of merits litigation in both consolidated actions, including overlapping discovery and merits-motion deadlines, for an initial 90 days. Plaintiff requests a joint status report at 60 days and Court review before the 90-day period expires, with extension only on a supported showing that further deferral remains appropriate. The requested stay would not suspend service of process, evidence-preservation duties, status reports, or compliance with the Court's remand order. Plaintiff seeks a bounded stay, not indefinite suspension. See Landis v. North American Co., 299 U.S. 248, 254–57 (1936): .

43B. The purpose of the requested stay is to permit actual MSPB adjudication, avoid conflicting merits proceedings, and develop a record on the unresolved removal and affirmative-defense issues. Plaintiff requests that any remand order explain that the federal stay is intended to permit that adjudication, rather than require further Board deferral solely because the stayed court action remains on the docket. If a stay of both actions in full would prejudice unrelated claims, Plaintiff alternatively requests a narrower stay limited to overlapping removal-related issues.

43C. Plaintiff acknowledges the June 24, 2026 denial of his earlier stay request. This request is conditional on a judicial remand and rests on the subsequent final I-1 order, the proposed renewed deferral in I-2, and the unresolved administrative issues identified above. Plaintiff

does not contend that this complaint automatically reverses the earlier stay ruling or suspends any existing deadline.

44. If the Court concludes that removal-related claims cannot presently be adjudicated in the related federal action because further administrative proceedings are required, Plaintiff requests that the Court consider setting aside the I-1 dismissal and remanding for appropriate MSPB proceedings on the unresolved removal issues, including any properly presented whistleblower and IG-reprisal affirmative defenses.

45. If the Court determines that it may instead adjudicate the mixed-case claims judicially, Plaintiff requests appropriate consolidation or coordination with the related action and adjudication under the applicable standards, without double recovery. Plaintiff does not contend that the mere presence of whistleblower allegations automatically requires remand or categorically deprives a district court of authority over an entire mixed case. Plaintiff requests no ruling here that conclusively resolves disputed exhaustion without examination of the administrative record.

46. Plaintiff does not seek direct judicial review in this complaint of a future final decision in I-2. He identifies the existing I-2 proceedings as related history and evidence of the continuing practical dispute over deferral.

**Prayer for relief**

WHEREFORE, Plaintiff requests:

A. Review of the October 15, 2026 final I-1 decision and the March 6, 2026 dismissal made final by that decision;

B. An order setting aside the challenged dismissal to the extent the Court finds it an abuse of discretion, contrary to law, or otherwise subject to reversal;

C. Remand to the MSPB for further proceedings consistent with the Court's decision, including appropriate adjudication of unresolved removal issues and properly presented whistleblower or IG-reprisal affirmative defenses, coordinated with I-2 as necessary;

D. Consolidation under Rule 42(a) with No. 1:25-cv-00664-JFR-JMR and handling with that case before Judge Robbenhaar, subject to lawful assignment and consent requirements; alternatively, coordinated proceedings sufficient to avoid inconsistent judgments, unnecessary duplication, or double recovery;

D-1. If remand is granted and claims or jurisdiction remain with the Court, an initial 90-day stay of merits litigation in both consolidated actions on the terms described in paragraphs 43A–43C, with a status report at 60 days, review before expiration, and extension only upon an appropriate showing; alternatively, a stay limited to overlapping removal-related issues;

E. If the Court determines that underlying employment claims should be adjudicated judicially rather than remanded, such relief as is legally available and supported by the eventual merits determination, including reinstatement and restoration of lost pay and benefits, without duplicating relief in the related case;

F. Taxable costs and any fees legally recoverable and actually incurred, but not compensation for Plaintiff's own pro se time; and

G. Such other lawful and appropriate relief as the Court deems just.

**Jury demand**

Plaintiff demands a jury only to the extent a jury right exists for any discrimination claim the Court determines it will adjudicate. Plaintiff does not request jury review of the administrative-record challenge to the procedural dismissal.

Respectfully submitted,

Date: 11-13-2026

Signature: Arthur F Murfin

Arthur F. Murfin

Plaintiff, Pro Se

300 Nickel St., STE 11 PMB 1031

Broomfield, Colorado 80020

Telephone: 303-217-0266

Email: amcoalcreek@yahoo.com

**Exhibits**

- **Exhibit A:** March 6, 2026 Initial Decision, MSPB Docket No. DE-0752-25-1151-I-1.
- **Exhibit B:** October 15, 2026 Final Order, MSPB Docket No. DE-0752-25-1151-I-1, including appeal-rights notice and certificate of service.

# EXHIBIT A

## March 6, 2026 Initial Decision

MSPB No. DE-0752-25-1151-I-1

Complete source document. Brackets in the margin identify pages relied upon; the source text is unchanged. Internal page references in the pleading refer to the source document, not the combined PDF's page count.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**DENVER FIELD OFFICE**

ART FRANKLIN MURFIN,
Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
Agency.

DOCKET NUMBER
DE-0752-25-1151-I-1

DATE: March 6, 2026

Jenipher R Jones, Denver, Colorado, for the appellant.

Casey Keppler, Joint Base Andrews, Maryland, for the agency.

John Andrew Patrikis, Joint Base Andrews, Maryland, for the agency.

Joseph Letrell Bishop, Joint Base Andrews, Maryland, for the agency.

**BEFORE**
Jacob Smiles
Administrative Judge

## INITIAL DECISION

On May 22, 2025, the appellant timely filed a petition for appeal challenging his removal from his position with the agency, effective April 22, 2025. Initial Appeal File (IAF), Tab 1. The Board has jurisdiction over the appeal pursuant to 5 U.S.C. §§ 7511-7513.

For the following reasons, the appeal is DISMISSED without prejudice.

## DISMISSAL WITHOUT PREJUDICE

A dismissal without prejudice (DWOP) is a procedural option that allows for the dismissal and subsequent refiling of an appeal. The decision whether to DWOP an appeal is committed to the sound discretion of the administrative judge

when the circumstances of a case warrant such an action, subject to Board policies. *See Selig v. Department of the Army*, 102 M.S.P.R. 189, ¶ 6 (2006); *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001); *Jones v. Department of Health and Human Services*, 52 M.S.P.R. 669, 672 (1992); 5 C.F.R. § 1201.29(b). DWOP "may be granted when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party." 5 C.F.R. § 1201.29(b). The Board has held that an administrative judge may order a DWOP at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *See, e.g., Garcia v. Department of State*, 101 M.S.P.R. 172, ¶ 21 (2006); *Milner*, 87 M.S.P.R. 660, ¶¶ 10-13; *Black v. U.S. Postal Service*, 89 M.S.P.R. 204, 206, ¶¶ 6-7 (2001). To ensure that a case does not go on indefinitely, the Board has determined that an administrative judge may establish reasonable interim deadlines for refiling an appeal that has been dismissed without prejudice. *See Schulte v. Department of the Air Force*, 100 M.S.P.R. 141, ¶ 5 (2005). A dismissal without prejudice is not a decision on the merits. It is merely a procedural option to facilitate docket management.

On February 18, 2026, I issued an Order for Briefing Regarding Possible Dismissal. IAF, Tab 33. In that Order, I stated:

> [M]y resolution of this appeal may be contingent upon the details and status of the appellant's Federal Court Complaint. . . . Although the Federal Court Complaint and this Board appeal are not identical, the two proceedings contain substantial overlap regarding the validity of the appellant's removal and whether the agency discriminated as alleged. In these circumstances, it is inefficient to allow the appellant to proceed in both forums, which would also create the risk of potential inconsistent judgments. Although the Board decisions described above indicate I am not required to dismiss an appeal that was filed before a federal court complaint, practical considerations dictate that the appellant not be permitted to simultaneously proceed in federal district court and before the Board on such closely related issues. *Cf. Leahy v. Merit Systems Protection Board*, 251 F.3d 170, 2000 WL 1810021, *1 (Fed. Cir. 2000) ("[The appellant] contends that she may proceed simultaneously with a discrimination claim in district court and an appeal to the Board of her removal. We cannot agree."); *Williams v. Equal Employment Opportunity Commission*, 75 M.S.P.R 144, 149 (1997) (suggesting that an agency

> should not be forced to litigate the same subject matter in two proceedings and that there may be circumstances when it would be appropriate to dismiss a Board appeal because of a later-filed Title VII in district court)."
>
> As a result, I believe a DWOP may be appropriate here to ensure efficient use of resources and avoid inconsistent judgments. . . . Here, because of the pending litigation in federal district court, I intend to dismiss this appeal without prejudice, subject to refiling upon notice from the appellant that the federal court litigation is completed and that issues remain for the Board to resolve.

IAF, Tab 33 at 5-7. That Order also gave the parties until March 4, 2026, to submit their objections to the possible DWOP.

The agency did not respond regarding the possible DWOP.

On March 4, 2026, the appellant and his representative filed their objections to a DWOP.[1] IAF, Tabs 35-36. Among other things, the appellant argued that he has asked his attorney in the district court litigation to request a stay of the those proceedings pending the resolution of this Board appeal; that the Board proceedings should continue because he filed with the Board before filing in federal district court; and that a DWOP here would prejudice the appellant. IAF, Tab 35 at 4, Tab 36.

I disagree with the appellant and find that a DWOP in these circumstances is appropriate. Most notably, I disagree that a DWOP here will extinguish the appellant's rights. As noted, a DWOP is not a decision on the merits and does not prevent the appellant from subsequently refiling his appeal with the Board once his federal district court complaint is resolved. In other words, I find that a DWOP here would not "bar or impair the appellant's access to a forum that Congress expressly reserved for him," as argued by the appellant. IAF, Tab 36 at

---

[1] The appellant has already been notified that he is not permitted to file pleadings separate from or in addition to his representative's submissions. In other words, the appellant's side should have filed one brief with objections rather than two. Thus, the appellant violated the instructions contained in my February 18, 2026 order. IAF, Tab 33 at 2. Nonetheless, in determining a DWOP is appropriate here, I considered both submissions.

6. Moreover, none of the cases or legal theories[2] cited by the appellant are persuasive here or dictate that I retain jurisdiction of this appeal while the district court litigation is ongoing.[3]

On the contrary, I find that a DWOP in this appeal is appropriate because "the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party." 5 C.F.R. § 1201.29(b). I reach this conclusion because of the substantial overlap between this appeal and the appellant's complaint in federal district court, to ensure efficient use of judicial resources, and to avoid the potential risk of inconsistent judgments. As stated in my prior order, I continue to believe that practical considerations dictate that the appellant not be permitted to simultaneously proceed in federal district court and before the Board on such closely related issues. *Cf. Leahy,* 2000 WL 1810021, *1 ("[The appellant] contends that she may proceed simultaneously with a discrimination claim in district court and an appeal to the Board of her removal. We cannot agree."); *Williams*, 75 M.S.P.R at 149 (suggesting that an agency should not be forced to litigate the same subject matter in two proceedings and that there may be circumstances when it would be appropriate to dismiss a Board appeal because of a later-filed Title VII in district court)."

---

[2] The appellant largely relies on *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 437 (2017), and *Ikossi v. Department of the Navy*, 516 F.3d 1037 (D.C. Cir. 2008). Neither the holdings nor the rationales of those decisions are persuasive here regarding the question of whether I should DWOP this appeal; in fact, *Perry* even noted the impact of the expense and inconvenience of having to litigate in two separate forums. *Perry*, 582 U.S. at 436.

[3] In fact, the appellant notes that "a stay or abeyance – not a dismissal – is the appropriate tool when administrative and judicial proceedings overlap." IAF, Tab 36 at 7. A DWOP is a tool that is similar to a stay or abeyance in proceedings before the Board.

Further, the appellant's brief suggests that a DWOP by the Board would somehow deprive the district court of jurisdiction. IAF, Tab 36 at 6. I am not aware of any legal authority supporting this idea and do not believe my decision would have any impact on the district court's jurisdiction.

For these reasons, I find a DWOP is appropriate here. Accordingly, this appeal is DISMISSED without prejudice, and all further proceedings and deadlines are CANCELLED.

The appellant may refile his petition at the conclusion of his litigation in federal court, but no earlier than 35 days from the date of this decision.[4] Alternatively, to provide a date certain, if the appellant has not refiled his appeal by **September 7, 2026**, it will be automatically refiled on **September 7, 2026**. In order to refile his appeal, the appellant only needs to submit a one-line letter to the Board indicating his desire to refile. Upon the refiling of the appeal, all documents previously submitted into the record will be made a part of the refiled appeal.

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE.

FOR THE BOARD:

Jacob Smiles

______________________________
Jacob Smiles
Administrative Judge

## NOTICE TO PARTIES CONCERNING SETTLEMENT

The date that this initial decision becomes final, which is set forth below, is the last day that the parties may file a settlement agreement, but the administrative judge may vacate the initial decision in order to accept such an agreement into the record after that date. *See* 5 C.F.R. § 1201.112(a)(4).

---

[4] In his submission, the appellant asserts that he has directed his attorney in the district court to file a motion for a stay until the Board issues a decision. IAF, Tab 35 at 3-4. There is no indication, however, that such a request has been made or that it has been granted. To the extent the district court stays its proceedings to accommodate this Board appeal going forward, the appellant can refile his appeal sooner than 6 months and before a final decision by the district court is made, but no sooner than 35 days from the date of this Decision.

## NOTICE TO APPELLANT

This initial decision will become final on **<u>April 10, 2026</u>**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic

filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

**Criteria for Granting a Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is

limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the

petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review. Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section,

above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| Electronic Service | Art Murfin<br>Served on email address registered with MSPB |
| | <u>Appellant Representative</u> |
| Electronic Service | Jenipher Jones<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Joseph Bishop<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Chief Labor Law Field Support Center<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Casey Keppler<br>Served on email address registered with MSPB |

Agency Representative

Electronic Service John Patrikis
Served on email address registered with MSPB

03/06/2026
(Date)

Siu Wai Tam

Siu Wai Tam
Paralegal Specialist

# EXHIBIT B

## October 15, 2026 Final Order

MSPB No. DE-0752-25-1151-I-1

Complete source document. Brackets in the margin identify pages relied upon; the source text is unchanged. Internal page references in the pleading refer to the source document, not the combined PDF's page count.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ART FRANKLIN MURFIN, Appellant, | DOCKET NUMBER DE-0752-25-1151-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, Agency. | DATE: October 15, 2026 |

Jenipher R. Jones, Denver, Colorado, for the appellant.

Casey Keppler, John Andrew Patrikis, and Joseph Letrell Bishop, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman

**ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this removal appeal without prejudice to refiling. Chairman Woodruff has recused himself from consideration of this case. Because there is no quorum to alter the administrative judge's initial decision, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)).[1] This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(e).

[1] After the close of the record on review, the appellant filed a motion for leave to file an additional pleading under 5 C.F.R. § 1201.114(a)(4). Petition for Review File, Tab 6. In light of the Board's lack of quorum, the appellant's motion is denied.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of the final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | | |
|---|---|---|
| | Appellant | |
| Electronic Service | Art Murfin<br>Served on email address registered with MSPB | |
| | Appellant Representative | |
| Electronic Service | Jenipher Jones<br>Served on email address registered with MSPB | |
| | Agency Representative | |
| Electronic Service | Joseph Bishop<br>Served on email address registered with MSPB | |
| | Agency Representative | |
| Electronic Service | Chief Labor Law Field Support Center<br>Served on email address registered with MSPB | |
| | Agency Representative | |
| Electronic Service | Casey Keppler<br>Served on email address registered with MSPB | |

<u>Agency Representative</u>

| | |
|---|---|
| Electronic Service | John Patrikis<br>Served on email address registered with MSPB |

| | |
|---|---|
| 10/15/2026 | *Tawanda Williams* |
| (Date) | Tawanda Williams<br>Paralegal Specialist |

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ARTHUR F. MURFIN

**(b)** County of Residence of First Listed Plaintiff ____________

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Arthur F. Murfin, Plaintiff Pro Se
300 Nickel St., STE 11 PMB 1031
Broomfield, Colorado 80020
303-217-0266 | amcoalcreek@yahoo.com

## DEFENDANTS

MERIT SYSTEMS PROTECTION BOARD;
SECRETARY OF THE AIR FORCE, in official capacity

County of Residence of First Listed Defendant ____________

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Not yet known for this new action.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice
PERSONAL INJURY: ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty
Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit (15 USC 1681 or 1692); ☐ 485 Telephone Consumer Protection Act; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. 7703(a)(1), (a)(2), (b)(2); 29 U.S.C. 791, 794a(a)(1); 42 U.S.C. 2000e-16(c)

Brief description of cause:
Review of procedural MSPB mixed-case dismissal; remand or alternative relief; discrimination retained.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Not specified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE John F. Robbenhaar DOCKET NUMBER 1:25-cv-00664-JFR-JMR

DATE ____________ SIGNATURE OF ATTORNEY OF RECORD ____________

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

TO REUSE: Mark through all previous shipping labels and barcodes.

Align top of FedEx Express® shipping label here.

ORIGIN ID:LAAA (303) 217-0266
ARTHUR MURFIN
[?]O NICKEL STREET
SUIT 11 1031
BROOMFIELD, CO 80020
UNITED STATES US

SHIP DATE: 13NOV26
ACTWGT: 0.85 LB
CAD: 6574730/ROSA2710

TO US DISTRICT COURT DISTRICT OF
NEW MEXICO PETERV. DOMENICI
333 LOMAS BLVD NW
SUIT 270
ALBUQUERQUE NM 87102
(505) 348-2000 REF:
INV:
PO: DEPT:

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
NOV 16 2026
ERIK PALTHOW
CLERK

FedEx Express

E

MON – 16 NOV 10:30A
PRIORITY OVERNIGHT

TRK# 0201 8800 0253 0682

ASR
87102
NM-US ABQ

XS ONMA

Reusable Large Pak

4866 MON 11/16 07:42
333 LOMAS BLVD NW
87102-2274-70
ALBUQUERQUE,NM
PRIORITY OVERNIGHT
527-3052
ETP 7 SP PD 100 Y

Part # 156297-435 RRDB2 EXP 10/27

P