FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 16 2026

ERIK PALTROW
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| ARTHUR F. MURFIN,<br>Plaintiff,<br><br>v.<br><br>MERIT SYSTEMS PROTECTION BOARD;<br>and<br>SECRETARY OF THE AIR FORCE, IN OFFICIAL CAPACITY,<br>Defendants. | Civil Action No. ____________<br><br>Related case:<br>No. 1:25-cv-00664-JFR-JMR |

**PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR A CONDITIONAL, TIME-LIMITED STAY UPON REMAND, WITH SUPPORTING MEMORANDUM**

**Concurrence under D.N.M.LR-Civ. 7.1(a)**

On November 9, 2026, Plaintiff requested concurrence from Erin Langwalter by email in consolidation and a conditional stay upon remand. Counsel's position on consolidation is opposed. Counsel's position on the conditional stay is opposed.

**Relief requested**

Plaintiff Arthur F. Murfin, appearing *pro se*, moves under Federal Rule of Civil Procedure 42(a) for consolidation of this action with *Murfin v. United States et al.*, No. 1:25-cv-00664-JFR-JMR, or alternatively for coordinated proceedings. If the Court subsequently sets aside the challenged MSPB dismissal, remands for further administrative proceedings, and retains claims or jurisdiction, Plaintiff requests an initial 90-day stay of merits litigation in both actions, subject to the safeguards below. This motion does not request immediate suspension of existing deadlines before entry of a court order.

Plaintiff requests consideration of related-case handling with the earlier action, presently before Judge John F. Robbenhaar, only as permitted by lawful assignment procedures and applicable magistrate-judge consent requirements. This motion neither supplies new consent nor seeks to withdraw or alter any existing valid consent. *See* Fed. R. Civ. P. 42(a); 28 U.S.C. § 636(c).

**Relevant procedural record**

1. Both actions arise from Plaintiff's employment with the Department of the Air Force at Kirtland Air Force Base, New Mexico, and his April 22, 2025 removal. The older action concerns employment-discrimination and retaliation allegations. This action specifically seeks judicial review of the October 15, 2026 final procedural decision in MSPB Docket No. DE-0752-25-1151-I-1.

2. The March 6, 2026 MSPB initial decision accepted jurisdiction over the timely removal appeal but dismissed it without prejudice because of the overlapping district-court litigation. It did not decide the lawfulness of the removal or Plaintiff's affirmative defenses. Complaint, Exhibit A, pages 1–5.

3. On June 24, 2026, the Court denied Plaintiff's earlier motion to stay the related action. No. 1:25-cv-00664-JFR-JMR, Doc. 41, at 5; attached Exhibit C. Plaintiff acknowledges that ruling and does not ask the Court to disregard it. The order expressly states that its analysis should not be construed as determining whether Plaintiff sufficiently exhausted administrative remedies. *Id.* at 4 n.2.

4. On October 15, 2026, the Board issued the I-1 final order. Because Chairman Woodruff recused himself and no quorum remained to alter the initial decision, the initial decision became final. The Board did not adjudicate removal or reprisal on the merits. Complaint, Exhibit B, page 1.

5. The removal appeal has been refiled as DE-0752-25-1151-I-2. On October 26, 2026, the administrative judge proposed another dismissal without prejudice because the federal litigation remained pending. The notice proposed automatic refiling nine months after a new dismissal became final, or upon notice that the federal litigation was completed. Attached Exhibit D, pages 1–5. Plaintiff relies on that document as a proposal and does not seek review here of a future final I-2 decision. Its original objection date is not represented as the current deadline.

6. Plaintiff's complaint identifies the discrimination allegations that support mixed-case treatment and the whistleblower/IG-reprisal affirmative defenses he contends were presented to the MSPB. *See* Complaint ¶ 10, ¶¶ 17–20, including ¶¶ 19A–19F. Those allegations do not establish that each defense has been proved, that every newly located email was part of the I-1 record, or that the Court is legally required to remand merely because protected-disclosure allegations exist.

7. The complaint commencing this action attaches the two decisions under review as Exhibits A and B. This motion does not duplicate those exhibits. It supplies the June 24 court order as Exhibit C and the October 26 proposed administrative dismissal as Exhibit D to identify the procedural circumstances relevant to coordination and the conditional stay.

**Common questions support consolidation or coordinated handling**

Rule 42(a) permits consolidation or other orders to avoid unnecessary cost or delay when actions involve common questions of law or fact. Here, the proceedings share the same removal, employer, employment history, discrimination and protected-activity allegations, and administrative history. The overlap is precisely why the MSPB deferred proceedings. Consolidation would allow the Court to address the proper sequence of judicial review, administrative proceedings, and any remaining judicial merits issues on a coordinated record. *See* Fed. R. Civ. P. 42(a).

The actions are not identical. The new complaint specifically challenges the final I-1 procedural decision, while the older case contains employment claims. Plaintiff seeks preservation and orderly resolution of that distinct review request, not two recoveries on the same injury. Consolidation need not predetermine the scope of either action, party status, exhaustion, jurisdiction, or the proper disposition of the review claim. If full consolidation would create prejudice or procedural difficulty, Plaintiff alternatively requests coordinated briefing, scheduling, and discovery limited to common matters.

Plaintiff requests related-case handling with the earlier action only to the extent authorized. Judge assignment remains for the Court. Entry of final judgment by a magistrate judge under 28 U.S.C. § 636(c) remains subject to the applicable consent and designation requirements. Consolidation cannot be used to evade consent requirements or obtain a particular judge as a matter of right. *See* 28 U.S.C. § 636(c).

**A stay should become effective only upon remand and remain bounded**

Courts have inherent authority to manage their dockets, but a stay must account for competing interests and remain within reasonable limits. *Landis v. North American Co.*, 299 U.S. 248, 254–57 (1936). Plaintiff therefore seeks neither an indefinite stay nor an immediate stay merely because he filed another complaint.

The trigger would be a judicial decision granting appropriate relief from the I-1 dismissal and remanding for further MSPB proceedings, while retaining claims or jurisdiction. That circumstance would differ from the record on which the June 24 stay request was denied:

administrative proceedings would then be directed by a remand decision rather than merely awaited at Plaintiff's request. The intervening final I-1 order and proposed renewed I-2 deferral also make explicit coordination more useful. Plaintiff does not characterize the passage of time alone as a sufficient reason to reverse the earlier ruling.

A remand-related stay would reduce the prospect that the agency must conduct overlapping merits litigation in both forums. It would permit development of an administrative record concerning unresolved removal issues and properly presented affirmative defenses. Plaintiff would also accept a short, monitored pause rather than continue to seek simultaneous merits adjudication. Plaintiff acknowledges that delay can burden Defendants and the Court; the 90-day limit, 60-day report, preservation duties, and ability to seek modification are intended to contain that burden.

Plaintiff requests the following terms:

- An initial stay of merits litigation in both consolidated actions for 90 days beginning on the effective date of a remand order that retains claims or jurisdiction, unless that order provides otherwise.
- Suspension only of merits discovery and merits-motion deadlines within the scope specified by the Court. The Court should expressly address affected scheduling-order dates rather than leave the parties to assume deadlines have changed.
- A joint status report 60 days after the stay begins, describing the MSPB's docket status, completed proceedings, expected next steps, and whether continued deferral remains justified.
- Review before the 90-day period expires. No automatic renewal; any extension must be supported and ordered. A party may move earlier to modify or lift the stay for good cause.
- Continued compliance with service-of-process obligations, evidence-preservation duties, status-report requirements, and the remand order. Jurisdictional and other proceedings necessary to implement the Court's directions would remain available.
- An express statement that the federal stay is intended to permit appropriate MSPB proceedings, not to require renewed administrative deferral solely because a stayed federal case remains on the docket.

If a stay of merits proceedings in both actions would prejudice claims unrelated to the removal, Plaintiff alternatively requests a stay limited to overlapping removal-related

discovery and merits issues. Plaintiff does not request dismissal or suspension of unrelated matters without the Court's assessment of their connection to the remanded issues.

**This motion does not resolve the judicial-review merits**

*Perry* confirms that procedural dismissal does not, by itself, move judicial review of a mixed case out of district court. It does not guarantee that Plaintiff will prevail on the challenged dismissal, overcome every exhaustion or justiciability objection, or obtain remand. *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 423, 432, 437 (2017). This motion requests case-management relief; the Court should determine the merits and proper remedy for the I-1 review claim through appropriate proceedings.

The otherwise appealable removal may include whistleblower/protected-activity affirmative defenses under 5 C.F.R. § 1209.2(b)(2). Plaintiff does not seek to recast this action as a new individual-right-of-action appeal or assert that the Board is the only forum that can ever consider those issues. The requested coordination preserves the Court's ability to determine the proper forum and scope of further proceedings.

**Conclusion**

Plaintiff respectfully requests: (1) consolidation with No. 1:25-cv-00664-JFR-JMR, subject to assignment, consent, and other applicable requirements; (2) alternatively, coordinated proceedings on common matters; (3) if remand is granted and the Court retains claims or jurisdiction, the initial 90-day merits stay described above, with a 60-day report and no automatic renewal; and (4) such narrower coordination or stay as the Court finds appropriate. Until the Court orders otherwise, existing deadlines remain in effect.

Respectfully submitted,

Date: Nov. 13, 2026

Signature: Arthur F Murfin

Arthur F. Murfin
Plaintiff, *Pro Se*
300 Nickel St., STE 11 PMB 1031
Broomfield, Colorado 80020
Telephone: 303-217-0266
Email: amcoalcreek@yahoo.com

# EXHIBIT C

June 24, 2026 Order Denying Plaintiff's Opposed Motion to Stay
No. 1:25-cv-00664-JFR-JMR, Doc. 41

*[Attach the 5-page June 24, 2026 Order behind this cover sheet before filing.]*

# EXHIBIT D

October 26, 2026 I-2 Notice of Intent to Dismiss Appeal Without Prejudice
MSPB No. DE-0752-25-1151-I-2

*[Attach the 5-page October 26, 2026 Notice behind this cover sheet before filing.]*

# EXHIBIT A

## March 6, 2026 Initial Decision

MSPB No. DE-0752-25-1151-I-1

Complete source document. Brackets in the margin identify pages relied upon; the source text is unchanged. Internal page references in the pleading refer to the source document, not the combined PDF's page count.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**DENVER FIELD OFFICE**

| | |
|---|---|
| ART FRANKLIN MURFIN,<br>Appellant, | DOCKET NUMBER<br>DE-0752-25-1151-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>Agency. | DATE: March 6, 2026 |

Jenipher R Jones, Denver, Colorado, for the appellant.

Casey Keppler, Joint Base Andrews, Maryland, for the agency.

John Andrew Patrikis, Joint Base Andrews, Maryland, for the agency.

Joseph Letrell Bishop, Joint Base Andrews, Maryland, for the agency.

**BEFORE**
Jacob Smiles
Administrative Judge

## INITIAL DECISION

On May 22, 2025, the appellant timely filed a petition for appeal challenging his removal from his position with the agency, effective April 22, 2025. Initial Appeal File (IAF), Tab 1. The Board has jurisdiction over the appeal pursuant to 5 U.S.C. §§ 7511-7513.

For the following reasons, the appeal is DISMISSED without prejudice.

## DISMISSAL WITHOUT PREJUDICE

A dismissal without prejudice (DWOP) is a procedural option that allows for the dismissal and subsequent refiling of an appeal. The decision whether to DWOP an appeal is committed to the sound discretion of the administrative judge

when the circumstances of a case warrant such an action, subject to Board policies. *See Selig v. Department of the Army*, 102 M.S.P.R. 189, ¶ 6 (2006); *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001); *Jones v. Department of Health and Human Services*, 52 M.S.P.R. 669, 672 (1992); 5 C.F.R. § 1201.29(b). DWOP "may be granted when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party." 5 C.F.R. § 1201.29(b). The Board has held that an administrative judge may order a DWOP at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *See, e.g., Garcia v. Department of State*, 101 M.S.P.R. 172, ¶ 21 (2006); *Milner*, 87 M.S.P.R. 660, ¶¶ 10-13; *Black v. U.S. Postal Service*, 89 M.S.P.R. 204, 206, ¶¶ 6-7 (2001). To ensure that a case does not go on indefinitely, the Board has determined that an administrative judge may establish reasonable interim deadlines for refiling an appeal that has been dismissed without prejudice. *See Schulte v. Department of the Air Force*, 100 M.S.P.R. 141, ¶ 5 (2005). A dismissal without prejudice is not a decision on the merits. It is merely a procedural option to facilitate docket management.

On February 18, 2026, I issued an Order for Briefing Regarding Possible Dismissal. IAF, Tab 33. In that Order, I stated:

> [M]y resolution of this appeal may be contingent upon the details and status of the appellant's Federal Court Complaint. . . . Although the Federal Court Complaint and this Board appeal are not identical, the two proceedings contain substantial overlap regarding the validity of the appellant's removal and whether the agency discriminated as alleged. In these circumstances, it is inefficient to allow the appellant to proceed in both forums, which would also create the risk of potential inconsistent judgments. Although the Board decisions described above indicate I am not required to dismiss an appeal that was filed before a federal court complaint, practical considerations dictate that the appellant not be permitted to simultaneously proceed in federal district court and before the Board on such closely related issues. *Cf. Leahy v. Merit Systems Protection Board*, 251 F.3d 170, 2000 WL 1810021, *1 (Fed. Cir. 2000) ("[The appellant] contends that she may proceed simultaneously with a discrimination claim in district court and an appeal to the Board of her removal. We cannot agree."); *Williams v. Equal Employment Opportunity Commission*, 75 M.S.P.R 144, 149 (1997) (suggesting that an agency

> should not be forced to litigate the same subject matter in two proceedings and that there may be circumstances when it would be appropriate to dismiss a Board appeal because of a later-filed Title VII in district court)."
>
> As a result, I believe a DWOP may be appropriate here to ensure efficient use of resources and avoid inconsistent judgments. . . . Here, because of the pending litigation in federal district court, I intend to dismiss this appeal without prejudice, subject to refiling upon notice from the appellant that the federal court litigation is completed and that issues remain for the Board to resolve.

IAF, Tab 33 at 5-7. That Order also gave the parties until March 4, 2026, to submit their objections to the possible DWOP.

The agency did not respond regarding the possible DWOP.

On March 4, 2026, the appellant and his representative filed their objections to a DWOP.[1] IAF, Tabs 35-36. Among other things, the appellant argued that he has asked his attorney in the district court litigation to request a stay of the those proceedings pending the resolution of this Board appeal; that the Board proceedings should continue because he filed with the Board before filing in federal district court; and that a DWOP here would prejudice the appellant. IAF, Tab 35 at 4, Tab 36.

I disagree with the appellant and find that a DWOP in these circumstances is appropriate. Most notably, I disagree that a DWOP here will extinguish the appellant's rights. As noted, a DWOP is not a decision on the merits and does not prevent the appellant from subsequently refiling his appeal with the Board once his federal district court complaint is resolved. In other words, I find that a DWOP here would not "bar or impair the appellant's access to a forum that Congress expressly reserved for him," as argued by the appellant. IAF, Tab 36 at

---

[1] The appellant has already been notified that he is not permitted to file pleadings separate from or in addition to his representative's submissions. In other words, the appellant's side should have filed one brief with objections rather than two. Thus, the appellant violated the instructions contained in my February 18, 2026 order. IAF, Tab 33 at 2. Nonetheless, in determining a DWOP is appropriate here, I considered both submissions.

6. Moreover, none of the cases or legal theories[2] cited by the appellant are persuasive here or dictate that I retain jurisdiction of this appeal while the district court litigation is ongoing.[3]

On the contrary, I find that a DWOP in this appeal is appropriate because "the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party." 5 C.F.R. § 1201.29(b). I reach this conclusion because of the substantial overlap between this appeal and the appellant's complaint in federal district court, to ensure efficient use of judicial resources, and to avoid the potential risk of inconsistent judgments. As stated in my prior order, I continue to believe that practical considerations dictate that the appellant not be permitted to simultaneously proceed in federal district court and before the Board on such closely related issues. *Cf. Leahy,* 2000 WL 1810021, *1 ("[The appellant] contends that she may proceed simultaneously with a discrimination claim in district court and an appeal to the Board of her removal. We cannot agree."); *Williams*, 75 M.S.P.R at 149 (suggesting that an agency should not be forced to litigate the same subject matter in two proceedings and that there may be circumstances when it would be appropriate to dismiss a Board appeal because of a later-filed Title VII in district court)."

---

[2] The appellant largely relies on *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 437 (2017), and *Ikossi v. Department of the Navy*, 516 F.3d 1037 (D.C. Cir. 2008). Neither the holdings nor the rationales of those decisions are persuasive here regarding the question of whether I should DWOP this appeal; in fact, *Perry* even noted the impact of the expense and inconvenience of having to litigate in two separate forums. *Perry*, 582 U.S. at 436.

[3] In fact, the appellant notes that "a stay or abeyance – not a dismissal – is the appropriate tool when administrative and judicial proceedings overlap." IAF, Tab 36 at 7. A DWOP is a tool that is similar to a stay or abeyance in proceedings before the Board.

Further, the appellant's brief suggests that a DWOP by the Board would somehow deprive the district court of jurisdiction. IAF, Tab 36 at 6. I am not aware of any legal authority supporting this idea and do not believe my decision would have any impact on the district court's jurisdiction.

For these reasons, I find a DWOP is appropriate here. Accordingly, this appeal is DISMISSED without prejudice, and all further proceedings and deadlines are CANCELLED.

The appellant may refile his petition at the conclusion of his litigation in federal court, but no earlier than 35 days from the date of this decision.[4] Alternatively, to provide a date certain, if the appellant has not refiled his appeal by **September 7, 2026**, it will be automatically refiled on **September 7, 2026**. In order to refile his appeal, the appellant only needs to submit a one-line letter to the Board indicating his desire to refile. Upon the refiling of the appeal, all documents previously submitted into the record will be made a part of the refiled appeal.

**DECISION**

The appeal is DISMISSED WITHOUT PREJUDICE.

FOR THE BOARD:

Jacob Smiles
_______________________________
Jacob Smiles
Administrative Judge

**NOTICE TO PARTIES CONCERNING SETTLEMENT**

The date that this initial decision becomes final, which is set forth below, is the last day that the parties may file a settlement agreement, but the administrative judge may vacate the initial decision in order to accept such an agreement into the record after that date. *See* 5 C.F.R. § 1201.112(a)(4).

---

[4] In his submission, the appellant asserts that he has directed his attorney in the district court to file a motion for a stay until the Board issues a decision. IAF, Tab 35 at 3-4. There is no indication, however, that such a request has been made or that it has been granted. To the extent the district court stays its proceedings to accommodate this Board appeal going forward, the appellant can refile his appeal sooner than 6 months and before a final decision by the district court is made, but no sooner than 35 days from the date of this Decision.

## NOTICE TO APPELLANT

This initial decision will become final on **April 10, 2026**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic

filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

**Criteria for Granting a Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is

limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the

petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review. Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section,

above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| Electronic Service | Art Murfin<br>Served on email address registered with MSPB |
| | <u>Appellant Representative</u> |
| Electronic Service | Jenipher Jones<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Joseph Bishop<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Chief Labor Law Field Support Center<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Casey Keppler<br>Served on email address registered with MSPB |

Agency Representative

Electronic Service

John Patrikis
Served on email address registered with MSPB

03/06/2026
(Date)

*Siu Wai Tam*

Siu Wai Tam
Paralegal Specialist

# EXHIBIT B

## October 15, 2026 Final Order

MSPB No. DE-0752-25-1151-I-1

Complete source document. Brackets in the margin identify pages relied upon; the source text is unchanged. Internal page references in the pleading refer to the source document, not the combined PDF's page count.

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ART FRANKLIN MURFIN,
Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
Agency.

DOCKET NUMBER
DE-0752-25-1151-I-1

DATE: October 15, 2026

Jenipher R. Jones, Denver, Colorado, for the appellant.

Casey Keppler, John Andrew Patrikis, and Joseph Letrell Bishop, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman

**ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this removal appeal without prejudice to refiling. Chairman Woodruff has recused himself from consideration of this case. Because there is no quorum to alter the administrative judge's initial decision, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)).[1] This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(e).

[1] After the close of the record on review, the appellant filed a motion for leave to file an additional pleading under 5 C.F.R. § 1201.114(a)(4). Petition for Review File, Tab 6. In light of the Board's lack of quorum, the appellant's motion is denied.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of the final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

| | |
|---|---|
| | <u>Appellant</u> |
| Electronic Service | Art Murfin<br>Served on email address registered with MSPB |
| | <u>Appellant Representative</u> |
| Electronic Service | Jenipher Jones<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Joseph Bishop<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Chief Labor Law Field Support Center<br>Served on email address registered with MSPB |
| | <u>Agency Representative</u> |
| Electronic Service | Casey Keppler<br>Served on email address registered with MSPB |

Agency Representative

| | |
|---|---|
| Electronic Service | John Patrikis<br>Served on email address registered with MSPB |

10/15/2026
(Date)

*Tawanda Williams*

Tawanda Williams
Paralegal Specialist

TO REUSE: Mark through all previous shipping labels and barcodes.

Align top of FedEx Express® shipping label here.

ORIGIN ID:LAAA (303) 217-0266
ARTHUR MURFIN
NICKEL STREET
SUIT 11 1031
BROOMFIELD, CO 80020
UNITED STATES US

SHIP DATE: 13NOV26
ACTWGT: 0.85 LB
CAD: 6574730/ROSA2710

TO US DISTRICT COURT DISTRICT OF
NEW MEXICO PETERV. DOMENICI
333 LOMAS BLVD NW
SUIT 270
ALBUQUERQUE NM 87102
(505) 348-2000 REF:
INV:
PO: DEPT:

Part # 156297-435 RRDB2 EXP 10/27

FedEx Express

E

TRK# 0201 8800 0253 0682

MON – 16 NOV 10:30A
PRIORITY OVERNIGHT
ASR
87102
NM-US ABQ

XS ONMA

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
NOV 16 2026
ERIK PALTHROW
CLERK

Reusable Large Pak

4866 MON 11/16 07:42 87102-2274-70
333 LOMAS BLVD NW ALBUQUERQUE,NM
PRIORITY OVERNIGHT
527-3052
ETP 7 SP PD 100 Y

P

FedEx